## SUPERIOR COURT

Atlantic Refining Co.
vs. } Eq.No.6929
Edward N. Sheffers

RESCRIPT.

December 11, 1924.

BARROWS, J. Heard on demurrer to bill of complaint asking an injunction to restrain respondent from selling other than complainant's gasoline at No. 1196 Broad street, Providence.

The bill alleges that on February 1, 1921, complainant and respondent entered into a written contract by the terms of which complainant agreed to equip the parcel of real estate above mentioned, and belonging to respondent, as a distributing station for gasoline and motor oil. It avers that complainant did so equip the real estate; that in consideration of such action respondent agreed that he would for a period of five years from February 1, 1921, purchase from complainant all gas and motor oil distributed on said real estate, complainant agreeing that the prices charged respondent for such gas and oil should be the complainant's prevailing dealers' prices, and that settlements were to be made monthly. The bill then avers that respondent has sold and is now selling upon said premises gasoline purchased from the Lamson Oil Company and asks an injunction to restrain respondent from selling at this place gas except that purchased from complainant. The sixth paragraph of the bill asserts that the failure of respondent to purchase from complainant all gas distributed on his land and the sale of other than complainant's gas will deprive complainant of future profits which can not be estimated or calculated; that complainant's business will be injured and affected by having gas of complainant's competitors distributed at this point.

Respondent has demurred on the ground that the bill is without equity and claims complainant has a full, adequate and complete remedy at law. Respondent also urges that the facts are set out insufficiently in any event.

With the latter contention we can not agree. The statements of the bill seem to us, in view of the nature of

the contract, as definite as they can well be made. The bill states a course of conduct by respondent utterly at variance with his contract when it alleges that he has sold and is selling other than complainant's gasoline and that sale of a competitor's gas will affect complainant's business. It might have been desirable to aver competition of the Lamson Oil Company more specifically, but a reading of the entire bill can leave no doubt on the question of competition. We do not believe that averment of a threat of future breaches is necessary. When complainant avers respondent has sold and is continuing to sell other than complainant's gas, it is not too much to assume an intent to violate the contract in future.

Respondent's memorandum brief admits that equity will at times protect a complainant in a contract such as is now before the Court.

The real question, therefore, is whether there is an adequate remedy at law. It is true that the language of a few cases, notably Bour vs. Ill. Cent. R. R. Co., 176 Ill, App. 185, and Standard Fashion Co. vs. Houston Co., 251 Fed. 559, U. S. Circuit Ct., 1st Circuit, indicates that a recovery by plaintiff at law for breach of contract is adequate and complete. The latter case, however, denies the injunction on the ground that the contract was not clear. On the other hand, numerous well considered cases have held on demurrer to a bill like the present one that the remedy at law was not adequate.

Gen. Elec Co. vs. Westinghouse Co., 151 Fed. 664;

Montgomery Light & Power Co. vs. Montgomery Traction Co., 191 Fed. 657;

Beck et al. vs. Indiana Light & Power Co., 76 N. E. 312, Indiana;

cf.Butterick Publishing Co., vs. Frederick Loeser Co., Inc., N. Y. 133 N. E. 361.

In the case of Peoples Brewing Co. of Trenton vs. Levin, N. J. 81 Atl. 1114, Vice Chancellor Pitney, later Justice of the Supreme Court of the United States, discusses lucidly the propriety of a bill in equity.

The reasons for allowing a bill to be maintained in a case like the present one seems to be the difficulty, amounting to a practical impossibility, of ascertaining the damages, together with possible change of respondent's financial circumstances, if complainant be compelled to await termination of the contract, the multiplicity of suits if complainant from time to time seeks to recover these damages, the fact that damages for continuing breach can not be actually or approximately measured if a suit is brought prior to the termination of the contract, and the continuing character of the injury.

The theory underlying respondent's claim that equity ought not to interfere seems to us to be that where such a contract has been made respondent has the option either to perform or pay damages for non-performance. We can not accept such a view as sound. The only thing the parties as business men were seeking was performance. They never contemplated the alternative of damages for non-performance, and the law ought, if it can, to see that the intention of the parties is carried out. While there are certain types of contract such as the one now before us, which can not be specifically enforced because respondent does not agree to purchase any definite amount of gas from complainant, yet universal business custom recognizes the value of such a contract for the exclusive sale of complainant's products. Its value, uncertain though it be, is real and ought to be protected. There is no way that certainly will protect it except by an injunction, the effect of which obliges the respondent either to carry out his contract or lose all

chance of benefit which he may derive from its breach. Our Supreme Court recognized this situation and held that an injunction would lie in American Electrical Works vs. Varley, Duplex, Marget Co., 26 R. I. 295.

In the present case complainant's bill avers that it has moved a wooden building from the front to the rear of respondent's premises; that it has constructed a driveway and installed gas delivery equipment. In return for the incurring of such expenses complainant got the benefit of an exclusive filling station at this point. More than this, the profits to be made on the sale of gasoline vary with the cost of production and changing prices and it would be well nigh impossible for complainant to establish at all times costs of production of gas delivered to respondent. Respondent's acts, therefore, deprive complainant of whatever advantage it might get from an exclusive filling station at this point, and impair complainant's unascertainable profits from future business.

A remedy by injunction seems to us on the facts alleged in the bill and admitted by demurrer to be the only one which can do substantial justice in the case. Whether at the hearing facts may develop which would warrant the Court in refusing to grant the injunction is something with which we are not now concerned.

The demurrer is overruled.

For complainant: Comstock & Canning and Andrew P. Quinn.

For respondent: Waterman & Greenlaw and Charles E. Tulley.